## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>        Plaintiff,<br><br>        v.<br><br>SUNRISE SENIOR LIVING, INC., LARRY E. HULSE, and KENNETH J. ABOD,<br><br>        Defendants. | 10 1247<br><br>CIVIL ACTION NO. |

## FINAL JUDGMENT AS TO SUNRISE SENIOR LIVING, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Sunrise Senior Living, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and



Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §240.12b-20, §240.13a-1, and §240.13a-13] by failing to file with the Commission such accurate and complete information and documents as are required by the Commission pursuant to Section 13(a) and Rules 12b-20, 13a-1, and 13a-13.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and (B) [15 U.S.C. §§ 78m(b)(2)(A) and (b)] of the Exchange Act by failing to make or keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendant, or in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to conform with Generally Accepted Accounting Principles or any other applicable criteria and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization, and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act [17 C.F.R. §240.13b2-1] by directly or indirectly falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's cooperation in a Commission investigation or related enforcement action, the Court is not ordering Defendant to pay a civil penalty. If at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

V.

.IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 27, 2010

_____
UNITED STATES DISTRICT JUDGE